**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CONAN DOYLE ESTATE LTD.,

Plaintiff,

v.

NANCY SPRINGER, PENGUIN RANDOM HOUSE LLC, LEGENDARY PICTURES PRODUCTIONS, LLC, NETFLIX, INC., PCMA MANAGEMENT AND PRODUCTIONS LLC, EH PRODUCTIONS UK LTD., JACK THORNE, and HARRY BRADBEER,

Defendants.

Case No. 1:20-cv-00610-KG-KK

**PENGUIN RANDOM HOUSE, LLC'S**
**ANSWER TO COMPLAINT**

Defendant Penguin Random House LLC ("PRH") answers the complaint of plaintiff Conan Doyle Estate Ltd. (the "Estate" or “Plaintiff”) as follows:

## INTRODUCTION

1. PRH denies the allegations in Paragraph 1.

2. PRH denies the allegations in Paragraph 2, except admits that Arthur Conan Doyle's last ten stories about Sherlock Holmes were published between 1923 and 1927, and republished in the 1927 book *The Case Book of Sherlock Holmes* (the "Case-Book Stories").

3. PRH denies the allegations in Paragraph 3, except admits that Conan Doyle created the characters of Sherlock Holmes and Dr. John Watson, that those characters first appeared in the 1887 novella *A Study in Scarlet*, that the world is free to use and adapt the public domain characters of Sherlock Holmes and Dr. John Watson, that World War I occurred before 1923; and state that it presently lacks sufficient knowledge or information to form a belief as to the deaths of Conan Doyle's father and brother

or the impact, if any, that World War I had on Conan Doyle or his writing, and on that basis denies such allegations.

4. PRH denies the allegations in Paragraph 4.

**PARTIES AND JURISDICTION**

5. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies the allegations.

6. PRH admits that Nancy Springer is the author of the six books that comprise *The Enola Holmes Mysteries* (the "Book Series"). Except as expressly admitted, PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis denies the allegations.

7. PRH admits the allegations in Paragraph 7.

8. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies the allegations.

9. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies the allegations.

10. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies the allegations.

11. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies the allegations.

12. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies the allegations.

13. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies the allegations.

14. PRH denies the allegations in Paragraph 14.

15. PRH denies the allegations in Paragraph 15.

16. PRH denies the allegations in Paragraph 16 except admits that Conan Doyle wrote sixty works featuring the characters of Sherlock Holmes and Dr. Watson and that those stories were published between 1887 and 1927.

17. PRH denies the allegations in Paragraph 17.

18. PRH denies the allegations in Paragraph 18 except admits that the character of Sherlock Holmes is famous for his great powers of observation and logic.

19. PRH denies the allegations in Paragraph 19, except admits that the character of Dr. Watson was a close companion to and revered the character of Sherlock Holmes in the Stories.

20. PRH denies the allegations in Paragraph 20, except admits that World War I took place between 1914 and 1918 and states that it presently lacks sufficient knowledge or information to form a belief as to the truth or falsity as to the claims made in this paragraph about the deaths of Conan Doyle's son and brother or the impact of those deaths or World War I had, if any, on Conan Doyle or his writing, and on that basis denies the allegations.

21. PRH denies the allegations in Paragraph 21.

22. PRH denies the allegations in Paragraph 22.

23. PRH denies the allegations in Paragraph 23.

24. PRH denies the allegations in Paragraph 24.

25. PRH denies the allegations in Paragraph 25, except admits that Conan Doyle created some new story elements in his last ten works, but otherwise denies all of the other allegations in Paragraph 25.

26. PRH denies the allegations in Paragraph 26, except admits that Nancy Springer wrote the six novels that comprise the Book Series, and that the Book Series includes elements in the public domain.

27. PRH admits the allegations in Paragraph 27.

28. PRH denies the allegations in Paragraph 28.

29. PRH denies the allegations in Paragraph 29, except admits that Enola Holmes is the heroine of each novel in the Book Series.

30. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and on that basis denies the allegations.

31. PRH admits that the sentences quoted appear in *The Case of the Left Handed Lady,* but denies the remainder of the allegations in Paragraph 31, and notes, in particular, that the disappearance of Enola Holmes' mother occurs in the *The Case of the Missing Marquess*, not in *The Case of the Left-Handed Lady*.

32. PRH denies the allegations in Paragraph 32.

33. PRH denies the allegations in Paragraph 33, except admits that the language quoted appears in *The Case of the Bizarre Bouquets*.

34. PRH denies the allegations in Paragraph 34.

35. PRH denies the allegations in Paragraph 35.

36. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, except it is PRH's understanding that the Film is adapted from Ms. Springer' s book *The Case of the Missing Marquess*.

37. PRH denies the allegations in Paragraph 37.

38. PRH denies the allegations in Paragraph 38, except admits that the works of Conan Doyle are generally accessible and PRH states that it presently lacks sufficient knowledge or information to form a belief as to the contents of every work featuring Sherlock Holmes, and on that basis denies such allegations.

39. PRH admits the allegations in Paragraph 39.

40. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and on that basis denies the allegations.

41.     PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and on that basis denies the allegations.

42.     PRH presently lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 42, and on that basis denies the allegations.

43.     To the extent the allegations in Paragraph 43 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, PRH denies the allegations in Paragraph 43.

44.     To the extent the allegations in Paragraph 44 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, PRH denies the allegations in Paragraph 44.

45.     As to Paragraph 45, PRH admits that the public domain materials about Holmes and Watson and their fictional world are free for public use.  PRH denies that it had any obligation to seek permission from the Estate before publication of any of the books in the Book Series and further denies that any books in that series "pirate" any of the Conan Doyle works for which the term of copyright allegedly has not expired.  PRH presently lacks sufficient knowledge or information to form a belief as to whether other defendants sought permission from the Estate.  Except as expressly admitted, PRH denies the allegations in Paragraph 45.

46.     PRH denies the allegations in Paragraph 46 and states that the Estate has failed to identify any "original authorship being copied in Springer's novels and defendants' movie."

47.     As to Paragraph 47, PRH presently lacks sufficient knowledge or information to form a belief as to communications with other Defendants.  PRH admits that they or their affiliates own or control exclusive rights to copyrights and, when appropriate, enforce such copyrights.  Except as expressly admitted, PRH denies the allegations in Paragraph 47.

48. To the extent the allegations in Paragraph 48 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, PRH denies the allegations in Paragraph 48.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

49. PRH incorporates and restates its responses set forth in the preceding paragraphs of this Answer.

50. PRH denies the allegations in Paragraph 50.

51. PRH denies the allegations in Paragraph 51.

52. PRH denies the allegations in Paragraph 52.

53. In so far as they are asserted against them, PRH denies the allegations in Paragraph 53.

54. As to Paragraph 54, PRH presently lacks sufficient knowledge or information to form a belief as to whether each publication of Conan Doyle's last stories about Sherlock Holmes contained proper copyright notices, and on that basis denies such allegations. PRH denies all remaining allegations in Paragraph 54.

55. PRH denies that there are "protected elements" from the purported "Copyrighted Stories" that it copied or for which it was legally obliged to seek authorization, and further denies the remaining allegations in Paragraph 55.

56. In so far as they are asserted against them, PRH denies the allegations in Paragraph 56.

57. PRH presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57.

58. To the extent the allegations in Paragraph 58 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, PRH denies the allegations in Paragraph 58.

59.     To the extent the allegations in Paragraph 59 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, PRH denies the allegations in Paragraph 59.

## COUNT II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

60.     PRH incorporates and states its responses set forth in the preceding paragraphs of this Answer.

61.     To the extent the allegations in Paragraph 61 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, PRH denies the allegations in Paragraph 61.

62.     To the extent the allegations in Paragraph 62 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, PRH denies the allegations in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, PRH denies the allegations in Paragraph 63.

64.     To the extent the allegations in Paragraph 64 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, PRH denies the allegations in Paragraph 64.

65.     To the extent the allegations in Paragraph 65 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, PRH denies the allegations in Paragraph 65.

## PRAYER FOR RELIEF

The Estate's prayer for relief does not require a response. To the extent that any response is required, PRH denies that the Estate is entitled to any of the relief it seeks.

## ADDITIONAL DEFENSES

PRH asserts the following additional and affirmative defenses in response to the allegations in the complaint. PRH reserves the right to amend this Answer and these defenses, and PRH is not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

## FIRST ADDITIONAL DEFENSE

1. The Estate's complaint and each of its causes of action fail to state a claim upon which relief can be granted because, inter alia, the complaint fails to identify with specificity the protected expression that has been allegedly copied and because the complaint fails to plead the use by the Book Series Defendants of any trademark owned by the Estate.

## SECOND ADDITIONAL DEFENSE

2. The Estate's claims are barred, in whole or in part, because venue in the District of New Mexico is improper or inconvenient.

## THIRD ADDITIONAL DEFENSE

3. The Estate's claims are barred, in whole or in part, because the Estate does not own the allegedly infringed works and/or elements.

**FOURTH ADDITIONAL DEFENSE**

4. The Estate's claims are barred, in whole or in part, because the allegedly infringed works and/or elements are in the public domain.

**FIFTH ADDITIONAL DEFENSE**

5. The Estate's claims are barred, in whole or in part, because none of the novels in the Enola Holmes Mysteries contain any protectable expression owned by the Estate.

**SIXTH ADDITIONAL DEFENSE**

6. The Estate's claims are barred, in whole or in part, because the allegedly infringed elements are not protectable under copyright law.

**SEVENTH ADDITIONAL DEFENSE**

7. The Estate's claims are barred, in whole or in part, by the doctrine of copyright misuse.

**EIGHTH ADDITIONAL DEFENSE**

8. The Estate's trademark claim is a disguised copyright claim barred by *Dastar Corp. v. Twentieth Century Fox Film Corp*., 539 U.S. 23 (2003).

**NINTH ADDITIONAL DEFENSE**

9. The Estate's trademark claim fails because the Estate does not own valid and protectable trademarks.

**TENTH ADDITIONAL DEFENSE**

10. The Estate's trademark claim fails because there is no likelihood of confusion between the Book Series and the Estate's purported marks.

**ELEVENTH ADDITIONAL DEFENSE**

11. The Estate's trademark claim fails, in whole or in part, because the Book Series does not use the Estate's purported trademarks in any infringing manner.

**TWELFTH ADDITIONAL DEFENSE**

12. The Estate's trademark claim fails because holding PRH liable in this instance would violate the First Amendment to the United States Constitution and analogous and applicable provisions of State constitutions.

**THIRTEENTH ADDITIONAL DEFENSE**

13. The Estate's complaint is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence and laches.

**FOURTEENTH ADDITIONAL DEFENSE**

14. The Estate's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**FIFTEENTH ADDITIONAL DEFENSE**

15. The Estate's complaint is barred, in whole or in part, because PRH has not acted with the requisite degree of knowledge, intent, or fault.

**SIXTEENTH ADDITIONAL DEFENSE**

16. The Estate's complaint, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by the Estate, if any, would be adequately compensated in an action at law for damages, and therefore the Estate is not entitled to seek equitable relief.

**SEVENTEENTH ADDITIONAL DEFENSE**

17. The Estate's complaint, to the extent that it seeks injunctive relief, is barred because an injunction would be an unconstitutional prior restraint.

**EIGHTEENTH ADDITIONAL DEFENSE**

18. The Estate's complaint, to the extent that it seeks punitive damages against PRH, violates PRH's rights under the Fifth and Fourteenth Amendments to the United States Constitution, Article I,§ 7 and Article IV,§ 16 of the California Constitution, and Article II, § 18 of the New Mexico Constitution.

**NINETHEENTH ADDITIONAL DEFENSE**

19. The Estate's complaint is barred in whole or in part by the applicable statute(s) of limitations.

**TWENTIETH ADDITIONAL DEFENSE**

20. The Estate's complaint is barred in whole or in part by the doctrine of laches.

**TWENTY-FIRST ADDITIONAL DEFENSE**

21. The Estate's complaint is barred in whole or in part by the doctrine of fair use, classic fair use and/or nominative fair use.

**TWENTY-SECOND ADDITIONAL DEFENSE**

22. The Estate's complaint is barred in whole or in part by the doctrine of de minimis use.

**TWENTY-THIRD ADDITIONAL DEFENSE**

23. To the extent the Estate suffered any damages, which PRH expressly denies, the Estate failed to take the steps necessary to mitigate the damages, if any, sustained, and any such damages should be barred or reduced.

**TWENTY-FOURTH ADDITIONAL DEFENSE**

24. The Estate's recovery of damages, if any, is limited by the concept of innocent infringement and/or 17 U.S.C. § 504(c)(2).

**TWENTY-FIFTH ADDITIONAL DEFENSE**

25. The Estate's Complaint, and each claim for relief therein, is barred, in whole or in part, because the Estate's damages, if any, are vague, uncertain, imaginary, and/or speculative.

**PRAYER**

PRH prays for relief as follows:

1. A judgment in favor of PRH denying the Estate all requested relief against and dismissing the complaint with prejudice;

2. That PRH be awarded their costs of suit, including reasonable attorneys' fees; and

3. That the Court award PRH such other and further relief as the Court deems just and proper.

Date:  September 22, 2020				JASSY VICK CAROLAN LLP

By:  /s/   Jean-Paul Jassy
Jean-Paul Jassy
Kevin L. Vick
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Email: jpjassy@jassyvick.com;
kvick@jassyvick.com

PEIFER, HANSON, MULLINS & BAKER, P.A.

Gregory P. Williams
P.O. Box 25245
Albuquerque, NM 87125-5245
Tel:     (505) 247-4800
Fax:     (505) 243-6458
  Email:  gwilliams@peiferlaw.com

Counsel for Defendant
Penguin Random House LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system are being served with a copy of the foregoing on September 22, 2020.

/s/   Jean-Paul Jassy
Jean-Paul Jassy