**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CONAN DOYLE ESTATE LTD.,

       Plaintiff,

    v.

NANCY SPRINGER, PENGUIN RANDOM                     Case No. 1:20-cv-00610-KG-KK
HOUSE LLC, LEGENDARY PICTURES
PRODUCTIONS, LLC, NETFLIX, INC.,
PCMA MANAGEMENT AND
PRODUCTIONS LLC, EH PRODUCTIONS
UK LTD., JACK THORNE, and HARRY
BRADBEER,

       Defendants.

**DEFENDANT NANCY CONNOR A/K/A NANCY SPRINGER'S**
**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Nancy Connor a/k/a Nancy Springer ("Springer") answers the First Amended

Complaint of plaintiff Conan Doyle Estate Ltd. (the "Estate" or "Plaintiff") as follows:

**INTRODUCTION**

1.      Springer denies the allegations in Paragraph 1.

2.      Springer denies the allegations in Paragraph 2, except admits that Arthur Conan Doyle's

last ten stories about Sherlock Holmes were published between 1923 and 1927, and republished in the

1927 book *The Case Book of Sherlock Holmes* (the "Case-Book Stories").

3.      Springer denies the allegations in Paragraph 3, except admits that Conan Doyle created

the characters of Sherlock Holmes and Dr. John Watson, that those characters first appeared in the 1887

novella *A Study in Scarlet*, that the world is free to use and adapt the public domain characters of Sherlock

Holmes and Dr. John Watson, that World War I occurred before 1923; and state that she presently lacks

sufficient knowledge or information to form a belief as to the deaths of Conan Doyle's father and brother or the impact, if any, that World War I had on Conan Doyle or his writing, and on that basis denies such allegations.

4.      Springer denies the allegations in Paragraph 4.

## PARTIES AND JURISDICTION

5.      Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies the allegations.

6.      Springer admits that she is the author of the six books that comprise *The Enola Holmes Mysteries* (the "Book Series"), which was sold nationally, that she is a resident of Florida and that she consulted with other defendants to develop a movie based on the first book in her Book Series and public domain elements of Conan Doyle's works.  Except as expressly admitted, Springer denies the remaining allegations in Paragraph 6.

7.      Springer admits that Penguin Random House or its predecessors published the Book Series, which was sold nationally.    Except as expressly admitted, Springer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies the allegations.

8.      Springer has an agreement with Legendary.  Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies the allegations.

9.      Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies the allegations.

10.      Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies the allegations.

11.     Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies the allegations.

12.     Springer is informed and believes that an individual named Jack Thorne wrote the screenplay for the Film at issue.  Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis denies the allegations.

13.     Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies the allegations.

14.     Springer denies the allegations in Paragraph 14.

15.     Paragraph 15 does not contain any factual allegations requiring an admission or denial. To the extent Paragraph 15 is deemed to contain factual allegations that require an admission or denial, Springer denies the allegations in Paragraph 15.

16.     Springer denies the allegations in Paragraph 16.

17.     Springer denies the allegations in Paragraph 17 except admits that Conan Doyle wrote sixty works featuring the characters of Sherlock Holmes and Dr. Watson and that those stories were published between 1887 and 1927.

18.     Springer denies the allegations in Paragraph 18.

19.     Springer denies the allegations in Paragraph 19 except admits that the character of Sherlock Holmes is famous for his great powers of observation and logic.

20.     Springer denies the allegations in Paragraph 20, except admits that the character of Dr. Watson was a close companion to and revered the character of Sherlock Holmes in the Stories.

21.     Springer denies the allegations in Paragraph 21, except admits that World War I took place between 1914 and 1918 and states that it presently lacks sufficient knowledge or information to form a belief as to the truth or falsity as to the claims made in this paragraph about the deaths of Conan Doyle's son and brother or the impact of those deaths or World War I had, if any, on Conan Doyle or his writing, and on that basis denies the allegations.

3

22.     Springer denies the allegations in Paragraph 22.

23.     Springer denies the allegations in Paragraph 23.

24.     Springer denies the allegations in Paragraph 24.

25.     Springer denies the allegations in Paragraph 25.

26.     Springer denies the allegations in Paragraph 26, except admits that Conan Doyle created some new story elements in his last ten works, but otherwise denies all of the other allegations in Paragraph 26.

27.     Springer denies the allegations in Paragraph 27, except admits that Nancy Springer wrote the six novels that comprise the Book Series, and that the Book Series includes elements in the public domain.

28.     Springer admits the allegations in Paragraph 28.

29.     Springer denies the allegations in Paragraph 29.

30.     Springer denies the allegations in Paragraph 30, except admits that Enola Holmes is the heroine of each novel in the Book Series.

31.     Springer denies the allegation that "Conan Doyle created this new emotion and friendship in Sherlock Holmes" as alleged in Paragraph 31, and presently lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31.

32.     Springer admits that the sentences quoted appear in *The Case of the Left Handed Lady,* but denies the remainder of the allegations in Paragraph 32, and notes, in particular, that the disappearance of Enola Holmes' mother occurs in the *The Case of the Missing Marquess*, not in *The Case of the Left-Handed Lady*.

33.     Springer denies the allegations in Paragraph 33.

34.     Springer denies the allegations in Paragraph 34, except admits that the language quoted appears in *The Case of the Bizarre Bouquets*.

35.     Springer denies the allegations in Paragraph 35.

4

36.     Springer denies the allegations in Paragraph 36.

37.     Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, except admits that the Film is adapted from Springer's book *The Case of the Missing Marquess*.

38.     Springer denies the allegations in Paragraph 38.

39.     Springer denies the allegations in Paragraph 39, except admits that the works of Conan Doyle are generally accessible and Springer states that she presently lacks sufficient knowledge or information to form a belief as to the contents of every work featuring Sherlock Holmes, and on that basis denies such allegations.

40.     Springer admits the allegations in Paragraph 40.

41.     Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and on that basis denies the allegations.

42.     Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and on that basis denies the allegations.

43.     Springer presently lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 43, and on that basis denies the allegations.

44.     To the extent the allegations in Paragraph 44 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Springer denies the allegations in Paragraph 44.

45.     To the extent the allegations in Paragraph 45 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Springer denies the allegations in Paragraph 45.

46.     As to Paragraph 46, Springer admits that the public domain materials about Holmes and Watson and their fictional world are free for public use.  Springer denies that she had any obligation to seek permission from the Estate before publication of any of the books in the Book Series and further

5

denies that any books in that series "pirate" any of the Conan Doyle works for which the term of copyright allegedly has not expired.  Springer presently lacks sufficient knowledge or information to form a belief as to whether other defendants sought permission from the Estate.  Except as expressly admitted, Springer denies the allegations in Paragraph 46.

47.     Springer denies the allegations in Paragraph 47 and states that the Estate has failed to identify any "original authorship being copied in Springer's novels and defendants' movie."

48.     As to Paragraph 48, Springer presently lacks sufficient knowledge or information to form a belief as to communications with other Defendants.  Springer admits that they or their affiliates own or control exclusive rights to copyrights and, when appropriate, enforce such copyrights.  Except as expressly admitted, Springer denies the allegations in Paragraph 47.

49.     To the extent the allegations in Paragraph 48 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Springer denies the allegations in Paragraph 49.


## COUNT I
## COPYRIGHT INFRINGEMENT

50.     Springer incorporates and restates her responses set forth in the preceding paragraphs of this Answer.

51.     Springer denies the allegations in Paragraph 51.

52.     Springer denies the allegations in Paragraph 52.

53.     Springer denies the allegations in Paragraph 53.

54.     In so far as they are asserted against her, Springer denies the allegations in Paragraph 54.

55.     As to Paragraph 55, Springer presently lacks sufficient knowledge or information to form a belief as to whether each publication of Conan Doyle's last stories about Sherlock Holmes contained proper copyright notices, and on that basis denies such allegations.  Springer denies all remaining allegations in Paragraph 55.

6

56.     Springer denies that there are "protected elements" from the purported "Copyrighted Stories" that she copied or for which she was legally obliged to seek authorization, and further denies the remaining allegations in Paragraph 56.

57.     In so far as they are asserted against her, Springer denies the allegations in Paragraph 57.

58.     Springer presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58.

59.     To the extent the allegations in Paragraph 59 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Springer denies the allegations in Paragraph 59.

60.     To the extent the allegations in Paragraph 60 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Springer denies the allegations in Paragraph 60.


## COUNT II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION


61.     Count II is not directed against Springer, and therefore no answer is required.  To the extent and answer is required, Springer incorporates and states her responses set forth in the preceding paragraphs of this Answer.

62.     Count II is not directed against Springer and,  the extent the allegations in Paragraph 62 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Springer denies the allegations in Paragraph 62.

63.     Count II is not directed against Springer and, to the extent the allegations in Paragraph 63 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Springer denies the allegations in Paragraph 63.

64.     Count II is not directed against Springer and, to the extent the allegations in Paragraph 64 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Springer denies the allegations in Paragraph 64.

65.     Count II is not directed against Springer and, to the extent the allegations in Paragraph 65 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Springer denies the allegations in Paragraph 65.

66.     Count II is not directed against Springer and, to the extent the allegations in Paragraph 66 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Springer denies the allegations in Paragraph 66.

## PRAYER FOR RELIEF

The Estate's prayer for relief does not require a response. To the extent that any response is required, Springer denies that the Estate is entitled to any of the relief it seeks.

## ADDITIONAL DEFENSES

Springer asserts the following additional and affirmative defenses in response to the allegations in the complaint. Springer reserves the right to amend this Answer and these defenses, and Springer is not in any way agreeing or conceding that she has the burden of proof or persuasion on any of these issues.

## FIRST ADDITIONAL DEFENSE

1.     The Estate's complaint and each of its causes of action fail to state a claim upon which relief can be granted because, inter alia, the complaint fails to identify with specificity the protected expression that has been allegedly copied.

## SECOND ADDITIONAL DEFENSE

2.      The Estate's claims are barred, in whole or in part, because venue in the District of New Mexico is improper or inconvenient.

## THIRD ADDITIONAL DEFENSE

3.      The Estate's claims are barred, in whole or in part, because the Estate does not own the allegedly infringed works and/or elements.

## FOURTH ADDITIONAL DEFENSE

4.      The Estate's claims are barred, in whole or in part, because the allegedly infringed works and/or elements are in the public domain.

## FIFTH ADDITIONAL DEFENSE

5.      The Estate's claims are barred, in whole or in part, because none of the novels in the Enola Holmes Mysteries contain any protectable expression owned by the Estate.

## SIXTH ADDITIONAL DEFENSE

6.      The Estate's claims are barred, in whole or in part, because the allegedly infringed elements are not protectable under copyright law.

## SEVENTH ADDITIONAL DEFENSE

7.      The Estate's claims are barred, in whole or in part, by the doctrine of copyright misuse.

## EIGHTH ADDITIONAL DEFENSE

8.      The Estate's complaint is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence and laches.

## NINTH ADDITIONAL DEFENSE

9.      The Estate's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TENTH ADDITIONAL DEFENSE

10.     The Estate's complaint is barred, in whole or in part, because Springer has not acted with the requisite degree of knowledge, intent, or fault.

## ELEVENTHADDITIONAL DEFENSE

11.     The Estate's complaint, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by the Estate, if any, would be adequately compensated in an action at law for damages, and therefore the Estate is not entitled to seek equitable relief.

## TWELFTH ADDITIONAL DEFENSE

12.     The Estate's complaint, to the extent that it seeks injunctive relief, is barred because an injunction would be an unconstitutional prior restraint.

## THIRTEENTH ADDITIONAL DEFENSE

13.     The Estate's complaint, to the extent that it seeks punitive damages against Springer, violates Springer's rights under the Fifth and Fourteenth Amendments to the United States Constitution,

Article I,§ 7 and Article IV,§ 16 of the California Constitution, and Article II, § 18 of the New Mexico Constitution.

## FOURTEENTH ADDITIONAL DEFENSE

14.     The Estate's complaint is barred in whole or in part by the applicable statute(s) of limitations.

## FIFTEENTH ADDITIONAL DEFENSE

15.     The Estate's complaint is barred in whole or in part by the doctrine of laches.

## SIXTEENTH ADDITIONAL DEFENSE

16.     The Estate's complaint is barred in whole or in part by the doctrine of fair use, classic fair use and/or nominative fair use.

## SEVENTEENTH ADDITIONAL DEFENSE

17.     The Estate's complaint is barred in whole or in part by the doctrine of de minimis use.

## EIGHTEENTH ADDITIONAL DEFENSE

18.     To the extent the Estate suffered any damages, which Springer expressly denies, the Estate failed to take the steps necessary to mitigate the damages, if any, sustained, and any such damages should be barred or reduced.

## NINETEENTH ADDITIONAL DEFENSE

19.      The Estate's recovery of damages, if any, is limited by the concept of innocent infringement and/or 17 U.S.C. § 504(c)(2).

11

## TWENTIETH ADDITIONAL DEFENSE

20.      The Estate's Complaint, and each claim for relief therein, is barred, in whole or in part, because the Estate's damages, if any, are vague, uncertain, imaginary, and/or speculative.

## TWENTY-FIRST ADDITIONAL DEFENSE

21.      This Court lacks personal jurisdiction over Springer, a resident of Florida with no independent contacts with New Mexico.

## PRAYER

Springer prays for relief as follows:

1.      A judgment in favor of Springer denying the Estate all requested relief against Springer, and dismissing the complaint with prejudice;

2.      That Springer be awarded her costs of suit, including reasonable attorneys' fees; and

3.      That the Court award Springer such other and further relief as the Court deems just and proper.

Date:  December 11, 2020

JASSY VICK CAROLAN LLP

By: /s/  Jean-Paul Jassy
Jean-Paul Jassy
Kevin L. Vick
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Telephone: (310) 870-7048
Email: jpjassy@jassyvick.com;
kvick@jassyvick.com

PEIFER, HANSON, MULLINS & BAKER,
P.A.

Gregory P. Williams
P.O. Box 25245

Albuquerque, NM 87125-5245
Tel:     (505) 247-4800
Fax:     (505) 243-6458
  Email:  gwilliams@peiferlaw.com

Counsel for Defendant
Penguin Random House LLC and
Nancy Connor a/k/a Nancy Springer

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system are being served with a copy of the foregoing on December 11, 2020.

/s/   Jean-Paul Jassy

Jean-Paul Jassy

14